UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

Case No. _____

In Re Application of

ANNA MARIA PELLESCHI and BRIGITTE PELLESCHI
as the Personal Representatives of the
Estate of RENATO PELLESCHI,

    Applicants,

APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782.

_____/

## DECLARATION OF MARCO LASTILLA IN SUPPORT OF
## *EX PARTE* APPLICATION FOR DISCOVERY UNDER 28 U.S.C. § 1782

COUNTRY OF ITALY

    I, MARCO LASTILLA, hereby declare, under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief:

    1.    I am an attorney at Lastilla & Cuomo Law Firm where I practice criminal, civil, and administrative law. As part of my practice, I advise clients on post-judgment execution involving defendants residing outside of Italy.

    2.    I have been a member of the Italian bar since 2018. I obtained my law degree from the University of Roma Tre in 2014.

    3.    I submit this declaration in support of the application of Applicants, ANNA MARIA PELLESCHI and BRIGITTE PELLESCHI as the Personal Representatives of the Estate of RENATO PELLESCHI ("Estate") for judicial assistance in obtaining evidence from FRANCESCO POCCI and ANNA POCCI (Francesco and Anna together as "Foreign

**Exhibit B**

Defendants") for use in aid of post-judgment foreign proceeding under 28 U.S.C. § 1782 ("Application").

4. The Estate seeks the discovery for use in a foreign proceeding in Italy captioned *Renato Pelleschi v. Francesco Pocci and Anna Pocci*, case number RG 3787/2013 ("Foreign Proceeding").

5. Specifically, the Estate seeks judicial assistance to obtain any documents and information from the Foreign Defendants regarding any assets, ownership interest, funds, the use thereof, transfers of tangible and intangible property, and any other means of the Foreign Defendants available for satisfaction of the Judgment within the Foreign Proceeding.

6. As a way of background, the Foreign Proceeding revolves around the probate proceedings of Mrs. Luana Mannucci who passed away on November 11, 2012 (the "Decedent").

7. Mr. Renato Pelleschi, who recently passed away, was the Decedent's husband.

8. The Foreign Defendants, siblings, are the Decedent's cousins.

9. The Foreign Defendants submitted a purported holographic will dated November 8, 2009 (the "Will") in the Foreign Proceeding, claiming their entitlement to the Decedent's estate as Decedent's testamentary heirs.

10. Mr. Pelleschi contested the authenticity of the Will and instead claimed to be the sole intestate heir of the Decedent.

11. In determining the authenticity of the Will, the Italian Court employed the assistance of expert witnesses (*la Consulenza Tecnica*) in graphology who declared the Will to be a falsity based on various inconsistencies between the writing in the Will and the Decedent's prior writing samples.

*In re* Application under 28 U.S.C. § 1782 of the Estate of Renato Pelleschi
Page 3 of 4

12. On May 29, 2018, Mr. Pelleschi obtained a civil judgment in the Foreign Proceeding for, among other things, € 982,918.38 against the Foreign Defendants ("Judgment").

13. The Judgment confirmed that the Foreign Defendants forged the Will and Mr. Pelleschi is the sole and exclusive intestate heir of the Decedent.

14. Up to his recent death, Mr. Pelleschi had not recovered any amount due under the Judgment from the Foreign Defendants.

15. Likewise, the Estate, Mr. Pelleschi's automatic successor in interest, has not recovered any amount due under the Judgment from the Foreign Defendants.

16. The Foreign Defendants reside in the Northern District of Ohio and thus fall outside of the authority of the Italian courts to compel compliance with domestic discovery in aid of execution of the Judgment.

17. Accordingly, the Estate seeks assistance from this Court in obtaining evidence in aid of post-judgment phase of the Foreign Proceeding in Italy.

18. Specifically, the Estate seeks discovery from the Foreign Defendants for purposes of obtaining any documents and information regarding any assets, ownership interest, funds, the use thereof, transfers of tangible and intangible property, and any other means available for satisfaction of the Judgment within the Foreign Proceeding.

19. The information obtained will be highly relevant to the Estate's ability to execute the Judgment.

20. The Estate cannot compel the Foreign Defendants to produce the requested information and documents in Italy, despite the Foreign Defendants being a party in the Foreign Proceeding. The Foreign Defendants have left the jurisdictional reach of the Italian court and have been avoiding the liability for the Judgment in the United States. The Italian legal system does not

*In re* Application under 28 U.S.C. § 1782 of the Estate of Renato Pelleschi
Page 4 of 4

allow for a discovery process that would force the Foreign Defendants to disclose the information sought by the Estate and the limited compelling powers of the Italian courts are of no practical use.

21. Absent assistance from this Court, the Estate's ability to obtain the sought information from the Foreign Defendants would decrease dramatically, if not virtually disappear.

22. Italy has an inquisitorial legal system and the judge who receives the discovery requested by the Estate may independently evaluate the probative value of that evidence.

Under penalties of perjury under the laws of the United States of America, I, MARCO LASTILLA, declare that I have read this Declaration and that the facts stated in this Declaration are tre and correct to the best of knowledge and belief.

Executed on June 5, 2019

_____
MARCO LASTILLA