UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. | ) ) ) | CASE NO. 1:19-mc-0102 |
| ANNA MARIA PELLESCHI and BRIGITTE PELLESCHI, | ) ) ) ) | JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER** |
| MOVANTS. | ) ) | |

Before the Court is the *ex parte* application of Anna Maria Pelleschi and Brigitte Pelleschi ("movants") for discovery pursuant to 28 U.S.C. § 1782. (Doc. No. 1 ["Appl."].) Movants are the personal representatives of the Estate of Renato Pelleschi (the "Estate") who are seeking judicial assistance in obtaining evidence for use in aid of post-judgment execution in a foreign proceeding in Italy captioned *Renato Pelleschi v. Francesco Pocci and Anna Pocci*, Case No. RG 3787/2013 ("foreign proceeding"). In particular, the Estate asks the Court to issue and serve testamentary subpoenas *duces tecum* upon Francesco Pocci and Anna Pocci (the "foreign defendants"). (Appl. at 1.[1]) The Court directed movants to supplement their application by filing a copy of the foreign judgment, with a certified English translation; they have done so. (*See* Doc. No. 5.)

I.   **APPLICABLE LAW**

"[A]n *ex parte* application is an acceptable method for seeking discovery pursuant to 28 U.S.C. § 1782." *In re Application of Ontario Principals' Council*, No. MC–14–00050–PHX–SPL, 2014 WL 3845082, at *2 (D.Ariz. Aug. 1, 2014) (citing *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)); *see also Gushlak v. Gushlak*, 486 F. App'x

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3).").

Under the relevant statute, a district court may order discovery if three prerequisites are met: (1) the person from whom the discovery is sought "resides or is found" in the district; (2) the discovery sought is "for use in a proceeding in a foreign or international tribunal[;]" and (3) the application for discovery is made by "any interested person[.]" 28 U.S.C. § 1782(a).

Although a district court may order discovery if these three requirements are met, before doing so it should also consider the following factors. First, the Court should consider whether the person from whom discovery is sought is a litigant in the foreign proceeding, in which case the discovery might be obtained in the course of that proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004). Nonparticipants in the foreign litigation "may be outside the foreign tribunal's jurisdictional reach; hence their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*. Second, the district court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id.*[2] Third, the district court "could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id*. at 265. Fourth, the

---

[2] In *Intel*, the Supreme Court permitted discovery even though the relevant foreign tribunal, in an *amicus* brief, had stated that it did not need or want the district court's assistance. *Intel*, 542 U.S. at 266.

district court should consider whether the discovery request is "unduly intrusive or burdensome[.]" *Id.*

## II. DISCUSSION

On May 29, 2018, Renato Pelleschi ("Pelleschi") obtained a civil judgment against the foreign defendants in the foreign proceeding for, among other things, €982,918.38. (Appl. at 2 ¶ 3; Doc. No. 1-2, Declaration of Marco Lastilla[3] ["Lastilla Decl."] ¶ 12.) By forging a will, the foreign defendants, who are siblings, had purported to be the testamentary heirs of Pelleschi's deceased wife, Luana Mannucci (their cousin). Pelleschi proved the falsity of the will in the foreign proceeding and was declared Luana Mannucci's sole heir *ex lege*. (Appl. ¶ 4; Lastilla Decl.¶¶ 6–11, 13.) Pelleschi himself recently died. (Lastilla Decl. ¶ 7.) At the time, he had not recovered any amount due under the foreign judgment; his Estate has also not recovered any amount of the judgment. (*Id.* ¶¶ 14–15.)

The instant application seeks to have this Court issue subpoenas *duces tecum* by which the movants will be able to depose the foreign defendants and "to obtain any documents and information from the [f]oreign [d]efendants regarding any assets, ownership interest, funds, the use thereof, transfers of tangible and intangible property, and any other means of the [f]oreign [d]efendants available for satisfaction of the [j]udgment within the [f]oreign [p]roceedings." (*Id.* ¶¶ 5, 18.)

### A. The Three Statutory Requirements

The first statutory requirement is met in this case. According to the governmental Register of Italians Residing Abroad, Francesco Pocci resides in Strongsville, Ohio and Anna Pocci resides

---

[3] Mr. Lastilla is a member of the Italian bar. (Lastilla Decl. ¶ 2.) As part of his practice, he advises clients on post-judgment execution involving defendants residing outside of Italy. (*Id.* ¶ 1.)

in Shaker Heights, Ohio (that is, within this district). (Appl. Ex. A [Doc. No. 1-1] at 4–5; Lastilla Decl. ¶ 16.)

The second statutory requirement is also met since the requested documents and deposition testimony are for use in the foreign proceeding. In particular, the requested information is directly relevant to the Estate's execution of the judgment in the foreign proceeding. (Lastilla Decl. ¶¶ 4–5, 17–19.) This Court need not determine whether the evidence would be discoverable or admissible in the foreign proceeding. *Intel*, 542 U.S. at 260 ("Beyond shielding material safeguarded by an applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there.").

Finally, the third statutory requirement is met because the Estate is the "automatic successor in interest" of Renato Pelleschi (Lastilla Decl. ¶ 15), who obtained a civil judgment in a foreign proceeding against the foreign defendants. The Estate, therefore, is an "interested person."

### B. The "Other Considerations"

Having determined that the movants have satisfied the three statutory requirements authorizing the Court to grant this Application, the Court now turns to the additional discretionary considerations outlined by the Court in *Intel*, 542 U.S. at 264–65.

First, although the two foreign defendants are parties to the litigation in Italy, as residents of Ohio, they "fall outside [ ] the authority of the Italian courts to compel compliance with domestic discovery in aid of execution of the [j]udgment." (Lastilla Decl. ¶ 16.) "The [f]oreign [d]efendants have left the jurisdictional reach of the Italian court and have been avoiding the liability for the [j]udgment in the United States." (*Id.* ¶ 20.) Further, "[t]he Italian legal system does not allow for a discovery process that would force the [f]oreign [d]efendants to disclose the information sought

by the Estate and the limited compelling powers of the Italian courts are of no practical use." (*Id.*) This factor weighs in favor of granting the movants' application.

Second, the Court takes into account "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Granting the movants' application will assist the Estate in enforcement of the outstanding judgment in the foreign proceeding. There is no reason to think the Italian court would not be receptive to this Court's assistance in that regard. In addition, any evidence that may result from granting this application will no doubt be evaluated by the judicial officer in the foreign proceeding to "independently evaluate the probative value of that evidence." (Lastilla Decl. ¶ 22.) This factor weighs in favor of granting the application.

Third, this Court has no reason to believe that "the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. The Estate represents that it makes this request "in good faith and for no improper purpose[,]" (Appl. at 21), and its Italian legal expert represents that "[a]bsent assistance from the Court, the Estate's ability to obtain the sought information . . . would decrease dramatically, if not virtually disappear." (Lastilla Decl. ¶ 21.) This factor weighs in favor of granting the application.

Finally, this Court considers whether the discovery request is "unduly intrusive or burdensome[.]" *Intel*, 542 U.S. at 265. The Estate's discovery requests are narrowly tailored "to discover the assets and financial information of the [f]oreign [d]efendants and the relevant documents and testimony will be easily identifiable, readily accessible, and not burdensome on

[them]." (Appl. at 22; *see also* Appl. Ex. D (Doc. No. 1-4, Subpoenas *Duces Tecum* for Depositions) at 25–26 & 29–30.) This factor weighs in favor of granting the application.

### III. CONCLUSION

For the reasons set forth herein, the *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 (Doc. No. 1) is **granted**.

The Estate of Renato Pelleschi is authorized under 28 U.S.C. § 1782 to issue and serve the subpoenas *duces tecum* attached as Exhibit D to the application.

**IT IS SO ORDERED**.

Dated: August 29, 2019

          **HONORABLE SARA LIOI**
          **UNITED STATES DISTRICT JUDGE**