# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782. <br><br> ANNA MARIA PELLESCHI and BRIGITTE PELLESCHI, <br><br> MOVANTS. | CASE NO. 1:19-mc-0102 <br><br> JUDGE SARA LIOI <br><br> **MEMORANDUM OPINION AND ORDER** |

Before the Court is the motion of Francesco Pocci ("Pocci") to vacate this Court's order dated August 29, 2019[1] granting an *ex parte* application for discovery under 28 U.S.C. § 1782 made by Anna Maria Pelleschi and Brigitte Pelleschi (the "applicants" or "the Estate") and to quash a subpoena issued to Pocci. (Doc. No. 10, Motion ["Mot."].) The applicants filed a response in opposition (Doc. No. 12, Opposition ["Opp'n"]), and Pocci filed a reply (Doc. No. 13, Reply ["Reply"]). For the reasons set forth herein, the motion is denied.

## I. BACKGROUND

On July 9, 2019, the applicants, who are the personal representatives of the Estate of Renato Pelleschi, filed an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782, seeking judicial assistance in obtaining evidence for use in aid of post-judgment execution in a foreign proceeding in Italy captioned *Renato Pelleschi v. Francesco Pocci and Anna Pocci*, Case No. RG 3787/2013 ("foreign proceeding"). In particular, the Estate asked the Court to issue and serve testamentary subpoenas *duces tecum* upon Francesco Pocci and Anna Pocci[2] (the "foreign defendants"). The

---

[1] *See* Memorandum Opinion and Order ["MOO"] (Doc. No. 6).

[2] The instant motion is filed only by Francesco Pocci. He represents that the person identified as "Anna Pocci" is his sister, Anna (Anne) Birnbaum. (Doc. No. 10, Ex. B, Declaration of Francesco (Frank) Pocci ["Pocci Decl."] ¶ 4.) Inexplicably, Anna Pocci (Birnbaum) is not listed on the docket as a respondent and no one has entered an appearance on her behalf to challenge the Court's August 29th order.

Court initially directed the applicants to supplement their application by filing a copy of the foreign judgment, with a certified English translation, which they did. (*See* Doc. No. 5, Notice of Filing ["foreign judgment"].)

On August 29, 2019, having found all three statutory requirements as well as the various discretionary considerations met, the Court issued its ruling authorizing the Estate to issue and serve subpoenas *duces tecum* upon Pocci and Anna Pocci.

Pocci has filed the instant motion under Fed. R. Civ. P. 60(b)(3) and (6), asking the Court to vacate the August 29th order. In addition, he seeks to quash the subpoena, pursuant to Fed. R. Civ. P. 45, because it fails to comply with Rule 45 and places an undue burden on Pocci.

## II. DISCUSSION

### A. Motion to Vacate August 29, 2019 Order

A district court may order discovery under § 1782 if, among other considerations, at least three prerequisites are met: (1) the person from whom the discovery is sought "resides or is found" in the district; (2) the discovery sought is "for use in a proceeding in a foreign or international tribunal[;]" and (3) the application for discovery is made by "any interested person[.]" 28 U.S.C. § 1782(a).

Contrary to this Court's finding (*see* MOO at 79[3]), Pocci argues that § 1782 is not applicable here because the foreign proceeding has already concluded and, therefore, the discovery sought is not "for use" in a foreign proceeding. Although acknowledging that the Supreme Court has rejected the notion that § 1782 applies only when proceedings are "pending," Pocci asserts that, at the very least, the proceedings must be "anticipated." (Mot. at 92 (citing *Intel Corp. v.*

---

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

*Advanced Micro Devices, Inc.*, 542 U.S. 241, 259, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004)).) And, although further acknowledging that courts have held that § 1782 applies to post-judgment proceedings, according to Pocci, such cases "involved ongoing proceedings, not simply the execution of a judgment." (*Id*. (citing cases).)[4]

In opposition, the applicants argue that the foreign proceeding is not concluded because "it is in its executory phase following the issuance of a judgment[.]" (Opp'n at 123.) They also assert that, even if the proceeding were already concluded, the discovery sought is for a proceeding that is "reasonably contemplated." (*Id.*) "[T]he Estate is entitled to investigate Pocci's assets because the sought information will be used in aid of execution of the [j]udgment, whether in the procedurally same [f]oreign [p]roceeding in which the [j]udgment was issued or a reasonably contemplated separate execution proceeding." (*Id.*)

The applicants have the better view in light of the Supreme Court's recognition of the "broad range of discovery" authorized by § 1782. *Intel*, 542 U.S. at 259.

Pocci also advocates setting aside the August 29th order because the applicants allegedly used fraudulent information and factual inaccuracies to obtain the order. (Mot. at 94–96.) Notably, pointing to Exhibit 1 attached to his declaration, Pocci asserts that, contrary to what the applicants had represented to this Court, an Italian Probate Court determined that he and his sister are "the rightful heirs of the Estate of Luana Mannucci and were granted all of the estate assets, which they properly brought over to the United States." (*Id.* at 95.) He further asserts that Renato Pelleschi ignored that judgment and improperly filed a separate case in an Italian court, wherein Pocci and

---

[4] Pocci additionally argues that "the judgment against [him], which is the sole basis for the [s]ubpoena, will [likely] never become enforceable in the United States[,]" (Mot. at 94), although he acknowledges that this is an argument for another day. The applicants point out that, if Pocci wished to challenge the merits of the foreign judgment, he should have done so by appealing it in Italy, which he failed to do. (Opp'n at 123.)

his sister were not permitted to participate, obtaining the judgment the applicants now seek to execute on.[5]

In opposition, the applicants correctly point out that Exhibit 1 to Pocci's declaration (attached to the motion) is his own unauthenticated English translation of an Italian court's order, issued during the probate of Luana Mannucci's estate. (Opp'n at 128.) This document must be excluded. *See, e.g., Ramaj v. Gonzales*, 466 F.3d 520, 530 (6th Cir. 2006) (holding, in an immigration proceeding, that, in the absence of a certified translation of a foreign document, the document should be excluded).[6] Even if this Court were to credit Pocci's translation, it simply does not hold as he claims. The order did nothing more than deny Renato Pelleschi's request to seal and conserve the assets of the Mannucci Estate pending a determination of the rightful heirs.[7]

The applicants also correctly point out that Pocci is confusing discovery in preparation for execution with the actual execution. Applicants note they are not asking this Court to execute the judgment by freezing Pocci's assets or issuing any writs or the like; rather, they are merely seeking to discover what, if any, assets exist so as "to make an informed decision how to execute the

---

[5] Pocci also asserts that the applicants misstated the amount of the foreign judgment, failed to credit them for all the court costs, falsely stated that an Italian court found that he and his sister had forged Mannucci's will, and falsely claimed that Mannucci was Renato Pelleschi's wife, when she was, rather, his half-niece. (Mot. at 96; Reply at 140.) While it is true that this Court mentioned a couple of these "facts" in its August 29, 2019 ruling, that was merely for context. None of these facts was relied upon by the Court as a *reason* for granting the *ex parte* application. Therefore, Pocci's reliance on them in the instant motion has no bearing on the analysis.

[6] Without any explanation, Pocci attached an exhibit to his Reply that is apparently the Italian version of the English translation attached to the motion. (*See* Doc. No. 13-1.) If this was an attempt to cure the lack of authentication of the translation, it does not suffice.

[7] Ironically, the Italian court did not grant the sealing of the Mannucci Estate because, according to Pocci's translation, that court saw no "danger of diminishment/dispersion of goods[.]" (Doc. No. 10 at 115.) Nevertheless, as admitted by Pocci, he and his sister brought Mannucci Estate assets to the United States. (Mot. at 95.) According to the applicants, by the time the Italian court ruled in 2018 that Renato Pelleschi was Mannucci's rightful heir, the assets were gone. (Opp'n at 129.) Pocci does not deny (or even address) this factual assertion in his reply.

[j]udgment." (Opp'n at 126 (citing *In re Clerici*, 481 F.3d 1324, 1332 (11th Cir. 2007) (recognizing the difference between seeking evidence under § 1782 and enforcing a judgment)).)

Finding no basis for relief from the August 29, 2019 Memorandum Opinion and Order permitting discovery under 28 U.S.C. § 1782, Pocci's motion to vacate that order (Doc. No. 10, Part 1) is **denied**.

### B. Motion to Quash Subpoena

Pocci also seeks to quash the subpoena *duces tecum* served upon him. He argues that it both was improperly served under Fed. R. Civ. P. 45 and is unduly burdensome.

#### *1. Improper Service*

Fed. R. Civ. P. 45(b)(1) requires that a subpoena be served by "delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Pocci claims that the challenged subpoena was served upon his counsel, not on Pocci personally, and that it included no witness fee or mileage.[8] In addition, Pocci argues that the subpoena failed to comply with Rule 45's requirements to: (1) provide a time for the taking of the deposition; (2) contain the text set out in Rule 45(d) and (e); and (3) state the method of recording the testimony. (Mot. at 90.) Pocci admits that, although some of these deficiencies were later cured by an amended subpoena, service on his counsel (rather than on Pocci personally) renders the service invalid and ineffective.

The applicants argue in opposition that the original subpoena, which was admittedly defective, was personally served on Pocci by a process server. (Opp'n at 130.) After Pocci's

---

[8] The subpoena for Anna (Birnbaum) Pocci was also served on Pocci's counsel, who does not represent Anna and has not agreed to accept service on her behalf. (Mot. at 91 n.1.) Anna (Birnbaum) Pocci has not appeared in this case, nor has she joined in the instant motion. Therefore, the Court need not address the sufficiency of the service or the contents of the subpoena with respect to her. This order applies only to the subpoena served upon Francesco Pocci.

5

counsel reached out to the applicants' counsel to point out the deficiencies, the amended subpoena was then served on Pocci's counsel, rather than Pocci. The applicants further claim they indicated in a cover letter that they would pay the witness fee and mileage, and that they subsequently asked Pocci's counsel to advise as to his route to the deposition so the proper mileage could be determined, but never heard back.[9] (Opp'n at 131.) Regardless, the applicants' counsel has since mailed Pocci's counsel a check to cover the witness fee and mileage. (*Id.*)

As noted, Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). "The Sixth Circuit has not yet addressed the issue of whether Rule 45 requires personal service of a subpoena. District courts have reached differing conclusions, with some requiring personal service and others concluding service is effective so long as it reasonably insures actual receipt of the subpoena." *Vaughan v. City of Shaker Heights*, No. 1:10 CV 609, 2013 WL 4758028, at *4 n.4 (N.D. Ohio Sept. 4, 2013) (citing contrasting cases).

Here, as in *Vaughan*, "it is clear that [Pocci] actually received [the] subpoena in a timely fashion, had an opportunity to challenge it, and was not otherwise prejudiced by the method of service." *Id.* Therefore, this Court will "overlook[] any alleged technical violations of Rule 45(b)(1)." *Id.* (citing *Gist v. Pilot Travel Centers, LLC*, No. 3:10-mc-0095, 2011 WL 4055788, at *2 n.1 (M.D. Tenn. Sept. 12, 2011) ("in circumstances where the service of the subpoena was not personal . . . but the party did actually receive the subpoena in a timely fashion and was not prejudiced by the method of service, it is appropriate for the court to overlook any technical deficiencies and explore the merits of the discovery request")).

---

[9] Pocci's counsel denies ever having been contacted by the applicants' counsel. (Reply at 140.)

### *2.    Overly Broad and Unduly Burdensome*

As an additional ground for quashing the subpoena, Pocci argues that the discovery requests "essentially seek an unfettered expedition into every aspect of Pocci's finances[,]" are not "narrowly tailored to the judgment from the Italian Court[,]" are "vast and open-ended," "contain no parameters with regard to time[,]" and "constitute an undue burden on Pocci." (Mot. at 94, 97.)[10] He further asserts, without citation to any authority, that the applicants have no right to any

---

[10] The subpoena requests production of the following:

    1.    Please produce all Documents evidencing any real property (such as a house, an apartment, or land) owned or controlled by You or that You are buying, including any deeds or titles.

    2.    Please produce all Documents evidencing any assets other than real property owned or controlled by You or that You are buying, including any automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft.

    3.    For all motor vehicles that You own or are buying, please produce all Documents evidencing the vehicle's year, make, model, color, vehicle ID number, tag number, mileage, name on the title, registration, present value (in $), any loans on that vehicle, balance on that loan, and the monthly payments on that loan.

    4.    Please produce all Documents evidencing any income that You derived as an employee, contractor, or otherwise, including pay stubs, W-2 forms, and 1099 forms.

    5.    Please produce a list of all personal property worth more than $100.00 owned or controlled by You, including all items in Your residence located at 9847 Lakeview Circle, Strongsville, Ohio 44136.

    6.    Please produce all Documents evidencing Your ownership interest in any business entity.

    7.    Please produce Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years.

    8.    Please produce all Documents related to all open or closed bank accounts in Your name or for which You are a signatory or authorized person or beneficiary, including monthly account statements, ledgers, and any other Documents reflecting any financial transaction from or to those bank accounts.

    9.    Please produce all Documents reflecting the use and activity of any credit cards connected to all open or closed bank accounts in Your name or for which You are a signatory or authorized person or beneficiary.

    10.    Please produce Your last three federal and state tax returns.

7

of the information until they can show they have a foreign judgment against Pocci enforceable in the United States. (*Id.* at 97–98.) Pocci claims that, absent the latter, applicants "are only entitled to use the same Italian legal system that awarded them a judgment[.]" (*Id.* at 98.) In his reply brief, Pocci argues that the applicants "should not be permitted to conduct discovery of assets that Pocci has personally acquired over the past 40 years[,]" but should only be permitted to "trace the money they claim is rightfully theirs[.]" (Reply at 141.) In addition, he identifies significant assets in Italy that the applicants could attempt to seize to satisfy the foreign judgment without resorting to what he characterizes as a "fishing expedition for [his] assets in the United States." (*Id.* at 139, 141.)[11]

In opposition to the argument that the subpoena is unduly burdensome, the applicants rely solely upon this Court's statement in its August 29, 2019 ruling that the "discovery requests are narrowly tailored 'to discover the assets and financial information of the [f]oreign [d]efendants and the relevant documents and testimony will be easily identifiable, readily accessible, and not burdensome on [them].'" (Opp'n at 130 (quoting MOO at 80–81).) While it is true that, for the purpose of ruling on the *ex parte* application, this Court preliminarily concluded that the requests were not overly broad or unduly burdensome, at that time the Court did not have the benefit of Pocci's input and/or argument, which is appropriately considered now.

---

11. Please produce all Documents evidencing any debts owed to You by anyone, including the owed amount, the name and address of the person owing You money, and the reason that person owes You money.

12. Please produce all Documents evidencing Your membership or shareholder status in any business entity.

(Doc. No. 1-4, Subpoena *Duces Tecum* for Deposition at 29–30.)

[11] Although Pocci has not expressly raised any need for a confidentiality or protective order, that would be one way of addressing any concern he may have about the inherently private nature of some of the information sought.

The applicants also argue that the requests "are limited in time from January 2018 through the present date, a reasonable and relevant time frame relevant to the Judgment issued on May 29, 2018." (*Id.*) But, as properly argued by Pocci in his reply, that time limitation applies "[u]nless stated otherwise[,]" (Reply at 140; *see also* Mot. at 107), and there are discovery requests that encompass "the last 3 years." (*Id.*)

"Generally speaking, the standards for discovery set out in the Federal Rules of Civil Procedure also apply when discovery is sought under § 1782(a)." *In re Veiga*, 746 F. Supp. 2d 8, 19 (D.D.C. 2010) (citing *In re Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998); *Weber v. Finker*, 554 F.3d 1379, 1384 (11th Cir.), *cert. denied*, 558 U.S. 816, 130 S. Ct. 59, 175 L. Ed. 2d 23 (2009)).

Here, Pocci challenges the scope of the discovery, arguing that it is overly broad and, therefore, unduly burdensome. Relevance for discovery purposes is typically fairly broad, *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998), but "district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). A district court should balance a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg.*, 326 F. App'x 900, 907 (6th Cir. 2009) (citation omitted).

Aside from making broad, conclusory statements about the scope of the discovery requests, Pocci is not specific in his criticism as to their content. Nor does his assertion that the requests amount to a "fishing expedition" have any pertinence in this case. The applicants already have a judgment; they are not "fishing" for facts to support a claim, even though they may be permissibly "fishing" for (that is, discovering) assets to satisfy their judgment. The Court finds no fault with the fundamental content of the requests—they are properly aimed at uncovering assets that could

9

be levied against to execute on the Italian court's judgment for damages. (*See* Doc. No. 5.) *In re Dr. Braga*, 789 F. Supp. 2d 1294, 1304 (S.D. Fla. 2011) ("§ 1782 applicant is only entitled to discovery that is relevant to the foreign proceeding[]").

Pocci's argument focusing on the lack of a specific and consistent time frame has merit. Some of the requests are needlessly broad from a time perspective, going as far back as three years. The Court hereby prohibits any attempt to discover information and/or documents beyond the time frame of "January 1, 2018 through the present," which, by the applicants' own admission, is a reasonable and relevant time frame.

Having examined each of the twelve (12) requests for production ("RFP") in light of Pocci's arguments, the Court hereby rejects RFP 5 as overbroad and unduly burdensome and RFP 7 as vague. Further, the Court finds two (2) of the RFPs to be overbroad and modifies them as follows, with deletions shown by bold, strikethrough text and additions shown by bold, underlined text:

> 8. Please **produce all Documents related to** **identify** all open or closed bank accounts in Your name or for which You are a signatory or authorized person or beneficiary, including **monthly** **the most recent** account statements **and** ledgers**, and any other Documents reflecting any financial transaction from or to those bank accounts**.

> 9. Please produce all Documents reflecting the use and activity of any credit cards connected to all open or closed bank accounts in Your name or for which You are a signatory or authorized person **or beneficiary**.

Finally, Pocci's suggestion that the applicants should be seeking to discover and seize his Italian assets rather than any located in the United States, raises another issue not actually argued by Pocci—whether the subpoena's requests are directed only at assets within the United States or whether the subpoena is broad enough to cover discovery of assets outside the United States. As noted by the court in *Veiga*, there is a split of authority as to "whether § 1782(a) incorporates a *per*

*se* bar to the discovery of documents located outside the United States." *Veiga*, 746 F. Supp. 2d at 25. But that court declined to "opine upon the merits of [the] disparate approaches[,]" relying instead upon its discretion to decline an order for production of documents located abroad. *Id.* Although the parties themselves have not raised this issue, to be clear, this Court orders that the various discovery requests in the subpoena are limited to information and documents located in the United States.

Finding no basis to quash the subpoena *duces tecum* served on Francesco Pocci, his motion to quash (Doc. No. 10, Part 2) is **denied**.

### III. CONCLUSION

For the reasons set forth herein, the motion to vacate the August 29, 2019 Memorandum Opinion and Order and to quash the subpoena *duces tecum* served on Francesco Pocci (Doc. No. 10) is **denied**, but the Court expressly limits the discovery requests to information and documents located in the United States and to the time frame after January 1, 2018. In addition, two (2) of the requests for production have been eliminated and another two (2) have been modified by the Court as set forth above.

**IT IS SO ORDERED**.

Dated: January 22, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**